### E. MOORE v. MORGAN JONES, RECEIVER.

Delivered February 27, 1897.

**1. Fellow Servants—Conductor and Engineer—Train Parted.**

The conductor and engineer of a railroad train are fellow servants and the fact that the train has accidentally parted, leaving the conductor on the rear end and the engineer on the front end, does not alter the relation.

#### ON REHEARING.

**2. Injury to Vice-Principal—Liability of Master.**

If the conductor of a railroad train has control and superintendence over the engineer, the former is a vice-principal of the latter, and cannot recover from the master for his negligence.

APPEAL from Tarrant.   Tried below before Hon. W. D. HARRIS.

*Martin & Smith* and *R. L. Carlock,* for appellant

*Stanley, Spoonts & Thompson,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—Appellant was a conductor on a freight train on the Fort Worth & Denver City railroad, in the employment of appellee, who was receiver of said road.   He was injured by a collision caused by reason of his train parting a few miles north of Rhome, in Wise County, whereby he and one brakeman were left in the caboose, and the engineer, firemen and head brakeman went on in charge of the engine and eight box cars.   The parting was caused by a link, or pin, or both, breaking, but the evidence fails to show which.

The separation of the different parts of the train was not discovered by the conductor until the collision occurred, when he was, by force of the collision, thrown against the door of the caboose and seriously injured.   When the engine was near Rhome the engineer discovered that his train had parted, and gave the usual signal for train-broke-in-two, which was three blasts from his whistle.   The conductor and his part of the train were then a half mile behind the engine.   The whistle could be heard five miles.   The engineer then supposed that the rear part of the train was under control, as it appeared to be moving slowly. It was down grade to Rhome Station, where the engineer stopped at a water tank to take water for his engine, where he also put off his brakeman with orders to flag the conductor's part of the train.   The brakeman succeeded by his yells in attracting the attention of the rear brakeman, who attempted to get to his brake, but the collision occurred when he was within about six feet of his brake.

There was a red light displayed from the station signal box which the engineer observed, and the rules required that he should not pass a red light until he received orders.   He could have run 250 feet past the red light, to the south end of the switch, which would have placed him about 500 or 600 feet further away from the hinder part of the train,

and if he had done so the hinder part could have been gotten under control, and the collision have been avoided.

The engineer was employed by the master mechanic, and the conductor was employed by the superintendent, who has the power to discharge him. Conductors are promoted from brakemen, and never get to be engineers; while engineers are promoted from hostlers, and hostlers from fireman, and never get to be conductors. Each is at the highest point of promotion in his line of service.

The court below, upon this evidence, directed the jury to find a verdict for defendant; and this is here assigned as error.

We think the charge was correct, because the conductor and engineer were fellow servants, and the master is not liable for injuries to an employe caused by the negligence of his fellow servant. Railway v. Warner, 35 S. W. Rep., 364.

It is contended by appellant that, as the train had parted; new relations existed between him and the engineer; that the hind end was under his control, while the front end was under the control of the engineer; and that this parting of the train created the same relations between him and the engineer as would under the law have existed between conductors of different trains. We cannot assent to this proposition, because the relation of fellow servants undoubtedly did exist between him and the engineer before the parting the train, and this relation was not changed by the accident which brought about the injury.

It is contended, also, that though he and the engineer were fellow servants, yet if the link or pin broke by reason of defects, the master would be liable. It is sufficient answer to this to say that the evidence fails to show the cause for the parting, and we cannot presume negligence in the absence of some evidence to prove it.

We are of opinion that the judgment in this case ought to be affirmed, and it is so ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

It is insisted on this motion that the appellant was not a fellow servant with the engineer. We have again carefully examined the record as to their relations to each other, and find that appellant testified that he "was in charge of the train." J. V. Goode, general superintendent of the road under the receiver, testified that "the conductor's position is no higher than the engineer's, and the engineer's no higher than the conductor's. For any violation of the rules their responsibility is equal. We generally think, however, that the conductor has entire charge of the train. The engineer has no authority to compel a conductor to disobey a rule, and the conductor has no authority to compel the engineer to disobey a rule. If the engineer tells the conductor he wants him to do anything in violation of a rule, the conductor's duty is not to do it.

If the conductor tells the engineer he wants him to do a thing in violation of a rule, the engineer's duty is not to do it. In operating their trains they get their orders from the train dispatcher at Wichita Falls on our line, over my signature. They get them at stations. They go in and sign the orders, and the engineer takes one copy and the conductor takes a copy, and the operator retains one. The engineer, while operating a train on the road, is under the control of the conductor, so far as the handling of the train is concerned, when the handling of the train does not conflict with the rules. The conductors and engineers are both under the superintendent, and report to the superintendent. The superintendent controls them and the manner of management of their trains, and the time cards, and what they shall haul on their trains, and all that sort of thing. * * * The master mechanic employs engineers; the superintendent employs conductors. The superintendent discharges both. The superintendent, while they are out on the road, has entire control over both."

The view most strongly presented to our minds by this evidence at first was that the appellant and engineer were engaged in the common service of the receiver, and were in the same grade of employment, neither having superintendence or control over the other; were working together at the same time and place and to a common purpose; and that, therefore, they were fellow servants, under the provisions of article 4560g of our Revised Statutes of 1895, and the great weight of authority. 3 Elliott on Railroads, sec. 1330. But if we are mistaken in this, and if that part of the evidence which shows the conductor to have been in charge of the train means that he had control and superintendence over the engineer, then the relation of the two would be that declared by article 4560f, and appellant would be a vice-principal to the engineer, and consequently could not recover from the master for the negligence of the engineer.

There being doubt under the evidence as to which relation really existed between appellant and the engineer, if either under the law would have entitled appellant to recover, the court should have submitted the question to the jury under proper instructions as to how they should determine which relation existed. But as no recovery could be had in either event, we conclude that the charge of the court directing a verdict for the defendant was right, and we consequently overrule the motion for rehearing.

*Rehearing denied.*

February 27, 1897.